IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO. 4:16-CR-18 CDL-MSH |
| | : |
| ROBIN R WALL, | : |
| | : |
| Defendant. | : |

_____

**O R D E R**

Presently pending before the Court is Defendant Robin Wall's motion for an appeal bond (ECF No. 18). Defendant contends that her plea was not knowing and voluntary because she received ineffective assistance of counsel. For the reasons explained below, Defendant's motion for an appeal bond is denied.

### BACKGROUND

On January 27, 2016, Defendant pled guilty to theft in violation of 18 U.S.C. § 641. Arraignment Tr. 3:20-21, 6:22.[1] Defendant was sentenced to four months imprisonment. J. 2, ECF No. 15. She appealed on May 12, 2016, claiming that her plea was not knowing and voluntary. Not. of Appeal 1. Defendant states that her trial counsel was ineffective in eleven different ways. *Id.* at 1-2. Defendant thereafter moved for bond pending her appeal (ECF No. 18) and that motion was referred to the undersigned on June 9, 2016.

---

[1] The transcript from the arraignment is filed in the magistrate case, 4:15-mj-58, at ECF No. 20.

The Court held a hearing on the issue of an appeal bond on July 25, 2016. (ECF No. 21.) The motion for bond was denied from the bench following argument. This order encapsulates that ruling.

## DISCUSSION

Title 18, United States Code section 3143(b)(1) requires that a defendant who has appealed his conviction and sentence be detained

> unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Defendant must satisfy both sections of this provision to be eligible for release during the pendency of his appeal. The Government concedes that Defendant is not likely to flee or pose a danger to the safety of the community, and the Court finds that the appeal is not

for the purpose of delay.  Thus, the only issue currently before the Court is whether the appeal raises a substantial question of law or fact likely to result a new trial.[2]

"The Eleventh Circuit has held that a substantial question is one of more substance than would be necessary to a finding that it was not frivolous.  It is a close question or one that very well could be decided the other way." *United States v. Fernandez*, 905 F.2d 350, 354 (11th Cir. 1990).  A defendant has the burden of establishing a substantial question of law or fact for each count for which imprisonment was imposed.  *See Morison v. United States*, 486 U.S. 1306, 1306-07 (1988) (rejecting a request to remain free on bond pending an application for writ of certiorari because defendant failed to establish that his appeal was likely to result in reversal "with respect to all counts for which imprisonment was imposed[]"); *see also United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) ("[T]he burden of establishing these factors is on the convicted defendant.").

Defendant failed to file an appeal brief for this case.[3]  At the hearing on the motion for appeal bond, Defendant's counsel stated that Defendant intends to rest on her Notice of Appeal.  Defendant cites a total of two cases in her notice of appeal—*Boykin v. Alabama*, 395 U.S. 238 (1969) and *McCoy v. Wainwright*, 804 F.2d 1196 (11th Cir. 1986). Not. of Appeal 1-2.  There are no specific factual or legal arguments contained

---

[2] Defendant's counsel argued at the hearing that the proper remedy for the ineffectiveness in this case is a new trial.  Presumably, counsel meant that the proper remedy would be to allow Defendant to withdraw her guilty plea and go to trial since she pled guilty and did not initially have a trial.

[3] The briefing schedule is set out at ECF No. 20.  Defendant had until July 12, 2016, within which to file his brief.  The Government moved to dismiss the appeal on July 26, 2016. (ECF No. 22.)

3

therein from which this Court could determine if Defendant has established a substantial question of law or fact.

Similarly, Defendant's motion in support of an appeal bond is unhelpful. (ECF No. 18.) Defendant again generally, without factual or legal development, argues that she received ineffective assistance of counsel at the plea hearing and merely cites to *Strickland v. Washington*, 466 U.S. 668 (1983). Defendant's only specific argument is that her four month sentence is "draconian" because "[f]rom a judicial efficiency perspective, the cost of incarcerating [Defendant] will greatly exceed the amount of actual loss." Mot. for Appeal Bond 2. This argument is irrelevant to an ineffectiveness claim and fails to establish a substantial question of law or fact.

The Court therefore turns to the arguments made at the July 25 hearing. Defendant contends that her trial counsel was ineffective because she was not properly informed that she could receive a sentence of incarceration. She claims that this ineffectiveness makes her plea invalid because it was not knowing or voluntary.[4] To prevail on a claim of ineffective assistance of counsel, a defendant bears the burden of establishing by a preponderance of the evidence that her attorney's performance was deficient and that she was prejudiced by the inadequate performance. *Strickland v.*

---

[4] Defendant does not independently assert that the plea was involuntarily made or failed to comply with Federal Rule of Criminal Procedure 11. To establish a Rule 11 violation, the Defendant must show a "clear error" that caused prejudice. *United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009). The prejudice element for a Rule 11 violation is similar to the prejudice requirement for ineffectiveness discussed *infra* in that a defendant must show "a reasonable probability that, but for the error, [s]he would not have entered the plea." *Id.* "Furthermore, a defendant's reliance on an attorney's mistaken impression about the length of his sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence[.]" *United States v. Himick*, 139 F. App'x 227, 228-29 (11th Cir. 2005).

4

*Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). "To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Id.* To show prejudice in the context of challenging a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Defendant testified at the hearing that she only remembers trial counsel telling her that she would get a sentence of probation. Defendant stated that she would have approached her sentencing differently if she believed she would be incarcerated by better preparing her family and business for her absence. She additionally testified that she received a copy of her Presentence Report from her attorney, but was unable to open the attachment. Defendant also admitted that she remembered the Court informing her of her maximum possible sentence of a fine and one-year imprisonment. *See, e.g.,* Arraignment Tr. 2:13-15.

Trial counsel, Ms. Jennifer Curry, testified that she informed Defendant that her maximum possible sentence was one-year imprisonment. Counsel admitted that she did not initially inform Defendant that it was likely that she would receive a term of imprisonment because she was unaware of Defendant's extensive criminal history. Once counsel received a copy of the Presentence Report, she attempted unsuccessfully to

5

contact Defendant multiple times via telephone and email to go over the Report. Counsel advised Defendant at the sentencing hearing that it was possible that Defendant would receive a term of imprisonment.

Trial counsel may not have told Defendant that it was "probable" that she would get a term of imprisonment; however, there is no requirement that an attorney "over communicate" with her client in order to be effective.[5] Defendant's assumptions regarding her sentence do not create a substantial question of law as to whether trial counsel was deficient in failing to initially tell Defendant she could receive a term of imprisonment if she pled guilty. Defendant admits she was advised by the Court that her maximum possible sentence was a year imprisonment. Furthermore, even assuming some ineffectiveness on the part of Defendant's trial counsel, Defendant fails to show any prejudice—i.e., that she would have not taken a plea had she been told in a different way that she may receive a sentence of imprisonment. Defendant's arguments are meritless.

## CONCLUSION

Defendant has failed to meet her burden to show a substantial question of law or fact that would result in a different outcome in this case. As stated at the hearing, and for the reasons explained herein, Defendant's motion for bond pending her appeal is denied.

SO ORDERED, this 26th day of July, 2016.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendant argued that an attorney must "over communicate" that imprisonment is a possibility or probability.